## (March 19, 1973)

■ NEDDA R. HONIG, on Behalf of Herself and All Other Residents of the County of Rensselaer, Similarly Situated, Respondent, v. RENSSELAER COUNTY LEGISLATURE et al., Appellants, and CITY OF TROY et al., Respondents, and JOHN A. MURPHY, as a Member of the Rensselaer County Legislature and Former Minority Leader, et al., Intervenors-Appellants.— Appeals from a judgment of the Supreme Court at Special Term, entered March 12, 1973 in Rensselaer County, which upheld the constitutionality of the reapportionment plan approved by the Rensselaer County Legislature. Appellants have attacked the

adopted plan on the ground that the provision for multi-member districts in the City of Troy and District No. 2 render it constitutionally defective. Multi-member districts are not per se unconstitutional and are subject to attack only when the challenging party shows that the utilization of such districts operates to dilute or minimize the voting strength of racial or political elements of the voting population (*Whitcomb* v. *Chavis*, 403 U. S. 124; *Burns* v. *Richardson*, 384 U. S. 73). The record before us contains no such evidence and, therefore, the appellants have failed to sustain their requisite burden of proof. However, Special Term erred in modifying the plan by requiring that only a certain number of legislators could reside in any city or town within a given district. Undoubtedly, if these residency restrictions had been imposed by the County Legislature, they would have been valid and constitutional (*Hadley* v. *Junior College Dist.* 397 U. S. 50; *Dusch* v. *Davis*, 387 U. S. 112), but such restrictions are not constitutionally mandated. Once Special Term determined that the plan adopted by the Legislature was constitutional, it had no authority to modify the plan by imposing restrictions on the residency of legislators within each district. To do so, was to exceed the scope of its judicial function and to substitute the judgment of the court for that of the Legislature. Therefore, the residency restrictions cannot stand. Judgment modified, on the law and the facts, by striking out that part of the judgment which limits the residency of legislators in District Nos. 2, 3, 4 and 5, and, as so modified, affirmed, without costs. Staley, Jr., J. P., Cooke, Sweeney and Main, JJ., concur.